IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA                                                                PLAINTIFF

V.                                                                   CAUSE NO. 3:12-CR-65-CWR-LRA

AHMAD WILLIAMS                                                                          DEFENDANT

**ORDER**

Before the Court is Ahmad Williams' motion seeking transfer from state custody to federal custody. Docket No. 35. Having received the government's response, *see* Docket No. 37, the matter is ripe for adjudication.

**I.      Factual and Procedural History**

   **A.      Williams' Motion**

According to Williams, in January 2013, he pled guilty to aggravated assault of a law enforcement officer in the Circuit Court of Hinds County, Mississippi. He was sentenced to 12 years, with 9 to serve and 3 suspended. The sentence was to run concurrent with a federal sentence and be served in federal prison.

In April 2013, Williams pled guilty in this Court to a single criminal count. He was sentenced to 97 months, which was to run concurrent with the state sentence. This Court recommended to the Bureau of Prisons that Williams serve his sentence in the Yazoo City, Mississippi facility, or else the facility closest to Jackson, Mississippi.

Williams was sent to state prison. He now seeks a transfer from state to federal custody.

   **B.      The Government's Response**

The government's response has added additional facts to this history.

In April 2011, it says, Williams was arrested by the Jackson Police Department on suspicion of murder. He shot a detective during the arrest. Williams was subsequently held in state custody. In June 2011, an indictment was returned against him in state court on charges stemming from the shooting, including aggravated assault of a law enforcement officer.

One year later, in June 2012, a federal grand jury returned a single-count indictment charging Williams with being a felon in possession of a firearm. The United States Attorney's Office then moved to "borrow" Williams from state custody to face the federal charge. Docket No. 5. The motion was granted. Docket No. 6. Williams pled guilty to the federal charge in December 2012 and was sentenced in March 2013 to 97 months. *See* Minute Entries of December 6, 2012 and March 26, 2013. Williams was then returned to state custody.

The government argues that Williams is properly in state custody.

## II.     Substantive Law

"As between the state and federal sovereigns, primary jurisdiction over a person is generally determined by which one first obtains custody of, or arrests, the person." *United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005) (citations omitted). "If, while under the primary jurisdiction of one sovereign, a defendant is transferred to the other jurisdiction to face a charge, primary jurisdiction is not lost but rather the defendant is considered to be 'on loan' to the other sovereign." *Id.* at 896-97 (citation omitted).

This law holds true in the Fifth Circuit:

> The law is clear in this Circuit that, if a defendant is in state custody and he is turned over to federal officials for federal prosecution, the state government's loss of jurisdiction is only temporary. The prisoner will be returned to state custody at the completion of the federal proceedings or the federal sentence if the federal government wishes to execute it immediately.

*Causey v. Civiletti*, 621 F.2d 691, 693 (5th Cir. 1980) (citations omitted).

**III.     Discussion**

Applying these cases, it is clear that the state obtained primary jurisdiction over Williams when the Jackson Police Department arrested him in April 2011. His transfer to face federal charges in June 2012 did not deprive the state of primary jurisdiction; Williams was simply "on loan" to the federal government during the federal proceedings. When his federal sentencing hearing was completed, Williams was properly returned to state custody to serve his state sentence.

Despite this law, Williams is correct that two judges have mentioned serving time in federal custody, which has led to confusion. He is not alone. Multi-jurisdictional sentencing has been described as a "'labyrinth,' which even the [federal Bureau of Prisons] considers as 'probably the single most confusing and least understood sentencing issue in the Federal system.'" *United States v. Cibrian*, 374 F. App'x 524, 529 n.6 (5th Cir. 2010) (quoting *United States v. Smith*, 101 F. Supp. 2d 332, 334, 347 (W.D. Pa. 2000)). The undersigned will try to clear things up now.

That the state court ordered Williams' aggravated assault sentence to be served in federal custody is irrelevant as a matter of law. The state court's direction was not binding on the U.S. Marshals Service. *Leal v. Tombone*, 341 F.3d 427, 430 (5th Cir. 2003). In fact, the direction from the state court is merely viewed as a recommendation. *Cibrian*, 374 F. App'x at 529.

At the federal sentencing hearing, this Court did express its "intention" that Williams' federal sentence be served concurrently with his state sentence (as opposed to having the federal sentence run *consecutive* to his state sentence).[1] Docket No. 33, at 2. This Court also *recommended* that "the defendant be designated to the [federal] facility at Yazoo City,

---

[1] In fact, the Court granted a 23-month downward departure so that Williams' federal sentence would overlap with the months remaining on his state sentence. Docket No. 33, at 2.

3

Mississippi, or the closest facility to Jackson, Mississippi."[2] *Id.* At the conclusion of the hearing, Williams was remanded to the custody of the United States Marshal, who, in turn, returned him to the custody of the Mississippi Department of Corrections for service of his state sentence. *Id.*

This Court's recommendation regarding the location of Williams' incarceration was conditional. Should he complete his state sentence early and be subject to the federal detainer, the Bureau of Prisons will take custody and move him into a federal facility for the duration of the federal sentence. At that point, and only that point, the Bureau of Prisons will consider this Court's recommendation regarding the location of Williams' incarceration.

Under the law of this Circuit, though, Williams is in the proper place.

**IV.    Conclusion**

The motion is denied.

**SO ORDERED**, this the 4th day of February, 2015.

s/ Carlton W. Reeves<br>UNITED STATES DISTRICT JUDGE

---

[2] Ultimately, "the [Bureau of Prisons] – as opposed to the federal courts – is the entity authorized to determine *where* a federal sentence will be served, *when* it begins, and, in certain respects, *how long* it will last." *Cibrian*, 374 F. App'x at 529-30 (citations omitted).